**Jesus RAMIREZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 96 Civil 6953 (PKL)**
**No. 95 Criminal 259 (PKL).**

United States District Court,
S.D. New York.

May 12, 1997.

Jesus Ramirez, White Deer, PA, pro se.

Patrick J. Smith, U.S. Attorney's Office, New York City, for U.S.

## MEMORANDUM AND ORDER

LEISURE, District Judge:

*Pro se* petitioner, Jesus Ramirez, filed the instant petition for relief pursuant to 28 U.S.C. § 2255. Ramirez seeks a reduction of his sentence on the basis that he was subjected to enhanced penalties for crack cocaine possession due to ineffective assistance of counsel. For the following reasons, petitioner's motion is denied.

## BACKGROUND

In an indictment dated March 29, 1995, Ramirez was charged with three counts of conspiracy to distribute and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841. On September 21, 1995, as a result of plea negotiations with the

Government, Ramirez pleaded guilty to one count of conspiracy to distribute crack cocaine. The plea agreement stipulated that Ramirez conspired to possess with intent to distribute 121.9 grams of mixtures and substances containing cocaine base and 153.2 grams of cocaine. Pursuant to the United States Sentencing Guidelines (the "U.S.S.G.") the applicable base offense level was 32. See U.S.S.G. § 2D1.1(c)(3). Because Ramirez accepted responsibility for the offense, the agreement provided for a three-level decrease in the offenses level, thus resulting in a level of 29. Ramirez had no relevant criminal record, and therefore the applicable sentencing range was calculated at 87 to 108 months. Included in the plea agreement was a provision under which Ramirez agreed neither to appeal nor litigate under 28 U.S.C. § 2255 any sentence falling within or below the stipulated Guidelines range.

At the plea allocution held on September 21, 1995, petitioner acknowledged that he had reviewed the plea agreement with his attorney. See Tr. of Plea Allocution 9–10, 12 [hereinafter Tr.]. Ramirez indicated that he knowingly and willingly entered into the plea agreement. Id. at 11–13, 21–22. During the plea allocution, the Court was careful to explain to petitioner that he had the right to a jury trial and that he would be presumed innocent of all charges. See Id. at 10, 12–15. Finally, the Court notified Ramirez of the substantial monetary fines and/or prison term he could face if found guilty at trial. Id. at 16–17. Ramirez was sentenced on May 15, 1996, to 70 months imprisonment. The lower sentence resulted from an applicable two-point reduction provided by an intervening amendment to the U.S.S.G. Seventy months was the minimum available under the new sentencing range.

Petitioner argues that his attorney failed to produce evidence indicating that the substance he pleaded guilty to possessing could have been a form of cocaine other than crack cocaine. As a result, Ramirez contends, he was subjected to an improper sentencing range, due to the enhanced offense levels mandated by crack cocaine offenses. Accordingly, Ramirez asserts that he was denied effective assistance of counsel.

## DISCUSSION

I. *Petitioner's Ability to Assert a § 2255 Petition*

█ As part of his plea agreement, Ramirez waived not only his right to appeal any sentence which did not exceed the agreed-upon Guidelines range, but he also waived his right to seek post-conviction relief under 28 U.S.C. § 2255 if the sentence did not exceed the suggested range.[1] The Court of Appeals for the Second Circuit has upheld the validity of voluntary and informed waivers of appeal. *See United States v. Salcido–Contreras,* 990 F.2d 51, 51 (2d Cir.1993); *see also United States v. Rivera,* 971 F.2d 876, 896 (2d Cir. 1992). The *Salcido–Contreras* Court noted that under no circumstances could "a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the *merits* of a sentence *conforming* to the agreement," because "[s]uch a remedy would render the plea bargaining process and the resulting agreement meaningless." *Id.* (emphasis added); *see also United States v. Navarro–Botello,* 912 F.2d 318, 321 (9th Cir.1990) (noting that appeal is not barred if the sentence was not in accordance with the plea agreement)

In the instant petition, Ramirez knowingly accepted responsibility for his criminal acts and voluntarily pleaded guilty to one count of conspiracy to distribute cocaine base and

---

1. In order to assert a successful § 2255 motion, a petitioner must demonstrate either: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255 (Supp.1996); *see also Hill v. United States,* 368 U.S. 424, 426–27, 82 S.Ct. 468, 470–71, 7 L.Ed.2d 417 (1962). Petitioner has not alleged a jurisdictional defect or constitutional error in his sentencing, and his sentence does not exceed the maximum authorized by law. Notwithstanding petitioner's express waiver of the right to assert a § 2255 petition for his conforming sentence, his § 2255 motion is only viable if he can show other grounds for a collateral attack of his sentence.

cocaine. As his colloquy with the Court makes clear, Ramirez understood the charges against him and the rights he was giving up by pleading guilty. Tr. at 10–16. Additionally, the transcript of the plea allocution reveals that Ramirez voluntarily gave up these rights and pleaded guilty because of his admitted involvement in crack cocaine distribution. Id. at 21–22. In return for this acknowledgment, Ramirez avoided the potential risk of receiving a prison term ranging from a minimum of 10 years to a maximum of life and/or substantial monetary fines had he gone to trial. Thus, in receiving a sentence of only 70 months, Ramirez obtained a substantial benefit from his plea agreement. More importantly, the sentence did not exceed the suggested range of 87 to 108 months; in fact the sentence was well below this range. Accordingly, Ramirez was foreclosed from appealing his sentence on the merits and he has not sought to do so. Instead, Ramirez challenges his sentence under § 2255.

Whereas the Second Circuit has explicitly recognized the validity of a waiver of the right to appeal, the Court has yet to hold on, the question of the validity of a § 2255 waiver as a direct bar to a petition addressing the issues purportedly waived. Thus, it does not appear that this Circuit has held that an explicit § 2255 waiver is fully enforceable to bar such a petition outright. The Fifth Circuit was the first to have explicitly recognized the validity of § 2255 waivers in plea agreements.[2] *See United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994). The *Wilkes* court noted that it could find "no principled means of distinguishing such a waiver from the waiver of a right to appeal." *Id.* Accordingly, the *Wilkes* court permitted the waiver of § 2255 petitions, but noted that such waiver was conditioned upon knowing and voluntary consent. *Id.*

While the Fifth Circuit's decision is persuasive, this Court respectfully declines to apply such a holding in the instant case, because Second Circuit authority indicates that petitioner's ability to bring a § 2255 motion should instead be considered in light of his waiver of the right to appeal his sentence. Specifically, in *United States v. Pipitone,* 67 F.3d 34 (2d Cir.1995), the Second Circuit that a § 2255 motion was procedurally barred because the petitioner had expressly waived his right to appeal a conforming sentence, although the plea agreement was silent about the use of habeas petitions. *Pipitone,* 67 F.3d at 36. After being sentenced in conformity with the agreement, the petitioner brought the § 2255 petition contesting an asserted misapplication of the U.S.S.G. *Id.* at 37. The Court stated that it was "loathe to countenance so obvious a circumvention of a plea agreement," and therefore held that the waiver of the right to appeal could not constitute cause for the petitioner's delay in asserting his claim sufficient to avoid the procedural default rule. *Id.* at 39.

In effect, the *Pipitone* Court held that a petition that is merely an attack on the merits of a sentence is barred by petitioner's express waiver of his right to appeal a conforming sentence. *Id.* at 39; *see also Abarca,* 985 F.2d at 1014 (noting that a waiver of the right to appeal a sentence includes the waiver of the right to attack the sentence collaterally under § 2255); *Trujillo v. United States,* Nos. 92 Civ. 6791, 91 Cr. 575, 1993 WL 227701, at *3 (S.D.N.Y. June 21, 1993) (Leisure, J.). In essence, the Second Circuit simply confirmed that the use of § 2255 is limited to its express language and can not be used to attack the merits of a sentence. Likewise, in *Trujillo,* this Court noted that allowing "a defendant to raise an issue in a section 2255 petition despite the defendant's knowing and voluntary waiver of the right to appeal . . . . would create a route by which a petitioner could circumvent the *Salcido–Contreras* holding in contravention of the

---

**2.** The Ninth Circuit has also enforced a § 2255 waiver. *See United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.1993). Specifically, the court held that such a waiver can preclude a challenge to the length of a petitioner's sentence. *Id.* That court did not consider whether such a waiver could include a waiver of a claim of ineffective assistance of counsel. *Id.* Since *Abarca,* the Ninth Circuit has more explicitly recognized a defendant's ability to waive the protections of § 2255, as has the Sixth Circuit. However, neither the Sixth nor the Ninth has done so in a published opinion.

policies underlying that decision." *Trujillo,* 1993 WL 227701, at *3.

These precedents are instructive to the resolution of the present petition. Without examining the merits of petitioner's waiver of § 2255, it is clear that his waiver of appeal precludes him from attacking the merits of his plea agreement, and *Pipitone* bars him from doing so collaterally absent other cause for his delay in asserting the claim. Ramirez has asserted that his attorney failed to present evidence that could have shown that the substance he pleaded guilty to distributing was a substance other than crack cocaine. Accordingly, Ramirez asserts that it was erroneous for him to have been sentenced under the harsher sentencing requirements mandated for crack cocaine offenses. Instead, Ramirez contends that the proper sentencing range was 24 to 30 months, the applicable sentencing range for a cocaine offense involving the amounts alleged in his case. As previously noted, Ramirez was actually sentenced to 70 months imprisonment, a period well below the stipulated range of 87 to 108 months. Thus, Ramirez is attempting, through a § 2255 petition, to do what he was barred from doing on direct appeal. After *Pipitone,* this is clearly impermissible when a petitioner, like Ramirez, knowingly and voluntarily executed a plea agreement containing a waiver of the right to appeal.

## II. *Assertion of a Claim of Ineffective Counsel*

■ Nevertheless, because of the requirement of a knowing and voluntary waiver of the right to appeal, a petitioner should not be deemed to have waived the right to challenge his sentence on the basis that his plea or waiver was not knowing and voluntary, including by asserting that the ineffective assistance of his counsel deprived him of the ability to make a knowing and voluntary plea. *Cf. Magee v. Romano,* 799 F.Supp. 296, 299 (E.D.N.Y.1992) (observing, in examining a petition under 28 U.S.C. § 2254, that a waiver of appeal "does not prevent [petitioner] from challenging the voluntariness of his plea," including by challenging "whether the plea was based on the advice of competent counsel"). Accordingly, the Court must examine petitioner's ineffective assistance of counsel claim.

The Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), articulated a two-pronged test to determine whether a claim of ineffective assistance of counsel was established. The test requires a petitioner to show (1) that his attorney's representation was unreasonable under "prevailing professional norms," and (2) that but for the deficiency, there is a reasonable probability that "the result of the proceeding would have been different." *Id.* at 688, 694, 104 S.Ct. at 2064–65, 2068; *see also United States v. Coffin,* 76 F.3d 494, 498 (2d Cir.1996). In *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), the Supreme Court held that the *Strickland* test was "applicable to ineffective-assistance claims arising out of the plea process."

In applying the *Strickland* test, "judicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. The inquiry focuses "on the fundamental fairness of the proceeding whose results are being challenged." *Id.* at 696, 104 S.Ct. at 2069. "The court's central concern is not with 'grading counsel's performance' but with discerning 'whether despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.'" *United States v. Aguirre,* 912 F.2d 555, 560 (2d Cir.1990) (quoting *Strickland,* 466 U.S. at 696–97, 104 S.Ct. at 2069).

■ Ramirez contends that his counsel was ineffective because his attorney failed to challenge the Government's characterization of the drugs involved in his offense as crack cocaine. Thus, he argues that because of the uncontested characterization, he was erroneously subjected to a more severe sentence than he would have faced if charged with an offense involving the same amounts of any other cocaine substance. Ramirez's argu-

ment is unconvincing and is flatly contradicted by the record.

Numerous times throughout his plea allocution, Ramirez voluntarily admitted his participation in a plan to distribute crack cocaine. In fact, Ramirez himself was the first person at the plea allocution to mention the existence of crack cocaine. *See* Tr. at 3. Ramirez also made statements clearly evidencing his understanding that by pleading guilty to possession of crack cocaine with an intent to distribute it, he was subjecting himself to heightened sentencing penalties. *Id.* at 3, 19–20. Specifically, Ramirez stated to the Court that Congress was considering a change in the law regarding crack cocaine offenses which, if passed, would eliminate the enhanced penalties for such offenses. *Id.* at 3. Ramirez then indicated that this change would affect his sentence. Id. Thus, unlike the defendant in *United States v. James,* 78 F.3d 851 (3d Cir.1996), who casually adopted the references to "crack" without evincing a full understanding of the impact of such a plea, Ramirez indicated by his words and conduct that he was fully cognizant of the implications of his admissions. Finally, petitioner's extensive discussion with the prosecutor about the precise nature of the offense to which he pleaded guilty demonstrates that petitioner knowingly and voluntarily admitted that he transported crack cocaine. At his plea allocution, the following exchange occurred among Ramirez, his attorney Labe M. Richman, Esq., and the Assistant United States District Attorney:

Q. From May of last year, 1994, up until December 14 of 1994, had you entered into an agreement to come to an understanding with others to violate the narcotics laws of the United States by selling cocaine and crack cocaine?

A. No, I started working in June.

MR. RICHMAN: Well, sometime during that period is what he's asking you. Not the whole time, but any time during that period.

Q: Sometime during this period, had you reached an understanding or an agreement with another person that you and the other person would sell cocaine and crack cocaine?

A: Cocaine with Pedro Lopez.

Q: In other words, you and Pedro Lopez agreed together that you would sell crack cocaine?

A: No, I didn't sell crack. It was that they would ask them to cook it and he would cook it.

MR. RICHMAN: And would you deliver the crack?

A: I delivered that crack, I delivered the cocaine. He would send me and I would deliver it.

Q: So it was a part of the agreement that you would participate in the sale of crack cocaine?

MR. RICHMAN: By delivering it?

A: Yes, sir.

&ast; &ast; &ast; &ast; &ast; &ast;

Q: Let me ask you this again. Did you understand that in your course of dealings with Pedro Lopez, on at least two occasions you were going to deliver crack cocaine?

A: Yes, sir.

Q: And you knew it was against the law?

A: Yes, sir.

&ast; &ast; &ast; &ast; &ast; &ast;

Q: And that was when you sold the crack cocaine to one of the undercover agents, who later placed you under arrest?

A: I didn't sell it. I just brought it to the car. I wasn't the one who made the sale.

Q: You brought it to the car; you knew it was crack cocaine, is that correct?

A: Yes, sir.

Tr. at 23–25.

Statements made in a plea allocution "carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977), As is demonstrated by Ramirez's statements on the record, petitioner knowingly used the term "crack" and admitted his participation in a plan to distribute it. Thus, Ramirez has no basis to assert that his counsel's conduct

was unreasonable in failing to challenge the type of drugs involved. The failure to assert untenable claims does not constitute the level of professional deficiency required by *Strickland*. See *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir.1995); *United States v. Javino*, 960 F.2d 1137, 1145 (2d Cir.), *cert. denied*, 506 U.S. 979, 113 S.Ct. 477, 121 L.Ed.2d 383 (1992). Accordingly, Ramirez has not demonstrated that his attorney was ineffective.

Petitioner's claim ignores his own repeated, unambiguous, and specific representations to the Court at his plea allocution that he was involved with the trafficking of crack cocaine. Any further application, in this Court's view, would be frivolous, and this Court will not issue a certificate of appealability.

## CONCLUSION

For the reasons stated above, petitioner's motion to reduce his sentence is HEREBY DENIED.

**SO ORDERED.**