UNITED STATES of America

v.

Thomas MONTAGUE, Petitioner.

No. 97 Civ. 8744 (BDP).
No. 96 Crim. 463 (BDP).

United States District Court,
S.D. New York.

May 20, 1998.

Bonnie B. Jonas, Asst. U.S. Atty., U.S. Attys. Office, New York City, for U.S.

Thomas Montague, Fort Dix, NJ, pro se.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

By Petition docketed February 25, 1997, Petitioner seeks to vacate a judgment of conviction based on guilty pleas entered January 3, 1996 and January 26, 1996. *See* 28 U.S.C. § 2255. The crux of Montague's claim for relief, as set forth in his Petition, is that he was denied effective assistance of counsel and was not competent to plea.

Both pleas were entered into pursuant to written plea agreements. At his plea allocutions, Montague represented under oath that he fully understood and appreciated the nature and content of the plea agreements and that he entered into them knowingly and voluntarily. These representations were, in connection with both pleas, supported by colloquies during which the Court sought and received assurances from Montague that he was fully satisfied with the performance of his counsel, was cognizant of the rights given up as a consequence of the plea agreements, and that he wished to plead guilty because he was, in fact, guilty of the offenses charged.

In both plea agreements, Montague explicitly and unambiguously agreed to waive his right to appeal and agreed not pursue, pursuant to § 2255, the precise matters raised in the Petition he nonetheless filed. Specifically both plea agreements provide "it is further agreed (1)(i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, § 2255, any sentence within or below the stipulated Guideline range and (2) that the Government will appeal any sentence within or above the stipulated Guideline range."

Following these guilty pleas Montague was sentenced to 46 months imprisonment to be followed by three years supervised release. The Court also imposed restitution in the amount of $15,000 and a mandatory special assessment of $200. This sentence was within the Guideline range stipulated in the plea agreements. No appeal was taken since, as previously noted, Montague waived his right to appeal. Montague received substantial benefits as a consequence of the plea agreements. For example, a good deal of the offense conduct that led to the second plea occurred while he was under Court supervision as a consequence of the prior arrest that led to the first plea.

The record herein clearly demonstrates that Montague's waiver of his right to bring a Petition pursuant to § 2255 was knowing and voluntary. As a result, the waiver is enforceable and mandates dismissal of the Petition. *United States v. Ready*, 82 F.3d 551, 557 (2d Cir.1996); *see also, United States v. Stevens*, 66 F.3d 431, 436–37 (2d Cir.1995).

Even if the right to appeal or to proceed pursuant to § 2255 had not been voluntarily waived, Montague's claim of ineffective assis-

tance of counsel would, however raised, be frivolous. Petitioner was ably represented throughout the course of these proceedings by Paul Davison, Esq., of the Federal Defender Division of the Legal Aid Society. Petitioner makes no showing that "his counsel's performance fell below an objective standard and that there is a reasonable probability that his counsel's deficient performance actually prejudiced his defense." *United States v. Trzaska*, 111 F.3d 1019, 1029 (2d Cir.1997); *Hooper v. United States*, 112 F.3d 83 (2d Cir.1997); (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Moreover, the Court investigated Petitioner's competence to plead during his plea allocutions and satisfied itself that he was fully competent to plea.

For these reasons and for the reasons set forth in the Government's Memorandum filed March 30, 1998, the Petition is, in all respects, denied. The Clerk shall file a final judgment dismissing the Petition. This Court determines that, since any appeal from the dismissal of this Petition would be meritless, the Court would decline to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1). Nor would the Court grant *in forma pauperis* status. *See* 28 U.S.C. § 1915.

**SO ORDERED:**