**Perry GUMBS, Petitioner,**

v.

**UNITED STATES of America.**

**Nos. 97 Civ. 8883(BDP), 95 CR. 768(BDP).**

United States District Court,
S.D. New York.

July 6, 1998.

Perry Gumbs, Newburgh, NY, pro se.

United States Attorney's Office, New York City, for Respondent.

### DECISION AND ORDER

PARKER, District Judge.

By Petition docketed December 2, 1997, pursuant to 28 U.S.C. § 2255, Perry Gumbs seeks to vacate a Judgment of Conviction based on a guilty plea entered April 22, 1996.[1] Pursuant to a written plea agreement, Petitioner pled guilty to an information charging him with conspiracy to possess cocaine, with intent to distribute, in violation of 21 U.S.C. § 846. In this Petition, Gumbs claims ineffective assistance of counsel on the ground that he was not advised by the Court of the possible adverse consequences for his immigration status as a result of his guilty plea, and that, contrary to his expectations, he now faces deportation.

The Court has reviewed the docket entries, the Judgement of Conviction, the minutes of the proceeding at which the plea of guilty was entered, as well as other pertinent portions of the record.

Petitioner claims that at the time he entered his guilty plea he was unaware that possible adverse consequences for his immigration status might arise. This is without merit. Contrary to Petitioner's submission, during his plea allocution, the possible effects of a guilty plea on his immigration status were the subject of specific inquiry of by the Court:

> The Court: Okay. I think you indicated that you are not a U.S. citizen?
>
> The Defendant: Yes, sir.
>
> The Court: Are you aware that the guilty plea might affect your immigration status in this country and that's something you should discuss with our lawyer.
>
> The Defendant: No, sir. (Defendant conferring with counsel)
>
> Mr. Rinaldo: We are ready to proceed.

---

1. While petitioner presently seeks relief under § 2255, I note that the outcome would be the same had he sought relief under a writ of error coram nobis. *See United States v. Stoneman*, 870 F.2d 102, 105–06 (3d Cir.1989). (Writ of coram nobis is used to attach alleged invalid convictions when the petitioner has served his sentence and is no longer 'in custody' for the purposes of § 2255.)

The Court: Okay. Mr. Gumbs you had a conference with your attorney. Are you now aware that there is a possibility that this plea might affect or have have some impact on your status in this country?
The Defendant: Yes, sir.

The fact that, in hindsight, his attorney's advice—which Gumbs now claims was that there probably would be no adverse consequences—proved to be incorrect falls far short of establishing ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ The Petition has no merit for an additional reason. In his plea agreement, Gumbs explicitly and unambiguously agreed to waive his right to appeal and agreed not to pursue, pursuant to § 2255, a challenge to any sentence that was within the stipulated Guidelines range. Specifically, the plea agreement provided:

> It is further agreed (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the stipulated Guidelines range and (ii) that the Government will not appeal any sentence within or above the stipulated Guidelines range.... Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

Following his guilty plea, Gumbs was sentenced to one year and one day imprisonment to be followed by two years of supervised release and a mandatory special assessment of $50. This sentence was within the stipulated Guidelines range in the plea agreement. No appeal was taken since, as previously noted, Gumbs waived his right to appeal.

Gumbs received substantial benefits as a consequence of his plea agreement. For example, far more serious charges against him were not pressed. The record herein clearly demonstrates that Gumbs' waiver of his right to bring a Petition pursuant to § 2255 was knowing and voluntary. In the circumstances presented here, the waiver is not contrary to public policy and does not result in manifest unfairness or a miscarriage of justice. As a result, the waiver is enforceable and constitutes a separate ground for dismissal of the Petition. *United States v. Ready,* 82 F.3d 551, 557 (2d Cir.1996); *see also, United States v. Stevens,* 66 F.3d 431, 436–37 (2d Cir.1995).

This Court having examined the Petition, files, records, transcripts, and other documents relating to the Judgment under attack, finds that it plainly appears from the face of the Petition and from the prior proceedings in this case, that Gumbs is not entitled to relief in the District Court. Accordingly, this Petition shall be summarily dismissed prior to answering in compliance with Rule 4 of the Rules governing § 2255 proceedings in the United States District courts. The Clerk shall enter a final judgment dismissing this Petition. The Court determines that, since any appeal from the dismissal of this Petition would be meritless, the Court would decline to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1). Nor would the Court grant *in forma pauperis* status. *See* 28 U.S.C. § 1915.

**SO ORDERED.**