**Roberto PENA Petitioner,**

v.

**UNITED STATES of America Respondent.**

**No. S8 96 CR. 402(PKL).**

United States District Court, S.D. New York.

April 29, 2002.

Yvonne M. Dutton, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for U.S.

## MEMORANDUM ORDER

LEISURE, District Judge.

### BACKGROUND

On February 27, 1996, pursuant to a written plea agreement, Roberto Pena ("Pena") pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B).

*See* Pena Plea Agreement ("Plea Agr."), at 1. In consideration of Pena's plea, the Government agreed not to prosecute Pena further for particular specified criminal conduct. *See* Plea Agr. at 1. Under the terms of the plea agreement, the parties stipulated to the application of the United States Sentencing Guidelines ("Guidelines"). Specifically, the parties agreed that (1) Pena's base offense level was 30; (2) the offense involved approximately 700 grams of heroin and approximately 1 kilogram of cocaine; (3) the offense level would be reduced by three levels due to his acceptance of responsibility and his timely notification of his intention to plead guilty; and (4) Pena's Criminal History Category was II. *See* Plea Agr. at 2. Accordingly, the parties determined that Pena's total offense level was 27, and the stipulated Guidelines range was 78 to 97 months imprisonment. *See* Plea Agr. at 2–3.

In addition to the stipulations previously mentioned, the plea agreement also provided that no downward or upward departure or adjustment from the stipulated Guidelines range of 78 to 97 months imprisonment was warranted. *See* Plea Agr. at 2. Both parties agreed not to "seek such departure or seek any adjustment, or suggest that the Court *sua sponte* consider such departure or adjustment." Plea Agr. at 2. The plea agreement further provided that the defendant would "neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the stipulated Guidelines range, *i.e.,* 78 to 87 months" and the Government would "not appeal any sentence within or above the Guidelines range." Plea Agr. at 3. The parties agreed that this provision is binding on the parties, "even if the Court employs a Guidelines analysis different from that stipulated" in the plea agreement. Plea Agr. at 3.

On June 4, 1997, this Court sentenced Pena to 78 months imprisonment. Pena did not contest his sentence on direct appeal. Instead, on March 28, 2001, Pena wrote a letter to this Court requesting a six month reduction of his sentence. On June 7, 2001, this Court issued an Order construing Pena's letter as a Motion for Reduction of Sentence. Pena claims that his sentenced should be reduced by six months due to his academic achievements, his good behavior in prison, and his need to return to his family. *See* Pena's Motion for Reduction of Sentence ("Pena Mot."), at 1–3. The Court has considered Pena's motion based upon various grounds for relief, including 28 U.S.C. § 2255, and Rules 35 and 36 of the Federal Rules of Criminal Procedure, and holds, for the following reasons, that Pena's motion for reduction of sentence is denied.

**DISCUSSION**

Pena brings this motion notwithstanding the provision in his plea agreement that provides he agrees to "neither appeal, nor otherwise litigate under [28 U.S.C. § 2255], any sentence within or below the stipulated Guidelines range." Plea Agr. at 3. As indicated in the plea agreement, the parties stipulated to a sentencing range of 78 to 97 months imprisonment, *see* Plea Agr. at 3, and this Court subsequently sentenced Pena to 78 months in custody. The Government maintains that Pena's motion is barred due to his waiver of both appellate and § 2255 rights. *See* Government's Motion in Opposition to Pena's Motion for Reduction of Sentence ("Gov. Mot."), at 4. The Government also contends that a § 2255 motion is time barred, as Pena's motion was filed long after the one-year limitations period in the statute expired. *See* Gov. Mot. at 3. Furthermore, the Government asserts that even if Pena's § 2255 motion is considered on the merits, Pena has failed to state any grounds for relief. *See* Gov. Mot. at 4–5. Finally, the Government claims that Pena cannot seek relief under Fed.R.Crim.P. 35 or Fed. R.Crim.P. 36. *See* Gov. Mot. at 3. The Court will proceed to consider all possible grounds for relief *in seriatim.*

**I. Section 2255 Relief**

Title 28, United States Code, Section 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Relief under this section is available only "for constitutional error, lack of jurisdiction, or an error of law or fact that constitutes a fundamental defect which inherently results in the complete miscarriage of justice." *Rosa* v. *United States,* 170 F.Supp.2d 388, 396 (S.D.N.Y.2001) (citing *Graziano v. United States,* 83 F.3d 587, 589–90 (2d Cir.1996)).

**II. Pena's Waiver of His Right to Petition Under § 2255**

The Second Circuit has repeatedly held that, absent extraordinary circumstances, a knowing and voluntary waiver of the right to appeal a sentence within or below the agreed Guidelines range is to be enforced. *See, e.g., United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir.2001) ("It is now well established that a knowing and voluntary waiver of the right to appeal

is generally enforceable."); *United States v. Gomez–Perez*, 215 F.3d 315, 318 (2d Cir.2000); *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir.1999) (per curiam); *United States v. Salcido–Contreras*, 990 F.2d 51, 51 (2d Cir.1993) (per curiam). In *Salcido–Contreras*, the Second Circuit held that under no circumstances can a "defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." 990 F.2d at 53. "Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *Id.* Other reasons articulated by courts to support limits on the relief permitted under § 2255 include the finality of criminal sentences, the efficient allocation of judicial resources and the aversion of retrying issues years after the underlying events took place. *See United States v. Addonizio*, 442 U.S. 178, 184 n. 11, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Nonetheless, the Second Circuit has cautioned, "specifically in the context of claimed waivers of appellate rights ... plea agreements are to be applied 'narrowly' and construed 'strictly against the Government.'" *United States v. Tang*, 214 F.3d 365, 368 (2d Cir.2000) (quoting *United States v. Ready*, 82 F.3d 551, 556, 559 (2d Cir.1996)).

It is established that a court may uphold the effectiveness of a defendant's waiver of the right to attack his conviction by petition under § 2255. *See Garcia–Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam).[1] Moreover, the Second Circuit also has denied a defendant's right to bring a collateral § 2255 motion when only the right to appeal was waived in the plea agreement. *See United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir.1995). In *Pipitone*, the Court opined that "[w]hatever linguistic distinction may be made between an 'appeal' and a § 2255 petition, we are loathe to countenance so obvious a circumvention of a plea agreement." 67 F.3d at 39. Accordingly, "a petition that is merely an attack on the merits is barred by petitioner's express waiver of his right to appeal a conforming sentence." *Ramirez v. United States*, 963 F.Supp. 329, 331 (S.D.N.Y.1997) (Leisure, J.) (citing *Pipitone*, 67 F.3d at 39). Relying principally on *Pipitone*, this Court has refused to allow a *habeas* petitioner to use a § 2255 motion to "sidestep" a plea agreement in which he had waived his right to appeal a sentence falling within or below the stipulated range. *See Rivera v. United States*, Nos. 98 Civ. 5377, 98 Civ. 6397, 1999 WL 587792, at *2 (S.D.N.Y. Aug. 5, 1999) (Leisure, J.).

Because the Second Circuit has refused to consider the merits of a § 2255 petition from a petitioner who has waived his right to appeal, Pena's waiver, if made knowingly and voluntarily, is sufficient to bar the instant petition. Moreover, in this case, Pena has not only agreed to forego his

---

1. In support of its position, the *Garcia–Santos* Court cited several other circuits that have held that a defendant's knowing and voluntary waiver of § 2255 relief is enforceable. *See United States v. Cockerham*, 237 F.3d 1179 (10th Cir.2001); *DeRoo v. United States*, 223 F.3d 919 (8th Cir.2000); *Watson v. United States*, 165 F.3d 486 (6th Cir.1999); *Jones v. United States*, 167 F.3d 1142 (7th Cir.1999); *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994) (per curiam); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993). Additionally, numerous district courts in the Second Circuit have long upheld the enforceability of a plea agreement waiver of § 2255 relief. *See Gumbs v. United States*, 8 F.Supp.2d 882, 883 (S.D.N.Y.1998) (a waiver "is not contrary to public policy and does not result in manifest unfairness or a miscarriage of justice...."); *see also United States v. Montague*, 5 F.Supp.2d 205, 205 (S.D.N.Y.1998); *Ramirez v. United States*, 963 F.Supp. 329, 331 (S.D.N.Y.1997) (Leisure, J.).

right to appeal, but he has also *explicitly* waived his rights under § 2255. *See* Plea Agr. at 3. Thus, based on the law of *Garcia–Santos*, Pena's waiver of his right to bring a § 2255 petition is enforceable. *See* 273 F.3d at 509.

Furthermore, in addition to the reasons mentioned above, Pena's § 2255 motion was filed long after the one-year time limitation period provided for in the statute, thus his petition is time barred. *See* 28 U.S.C. § 2255(1). Although there are exceptions to this one-year limitation,[2] none of the exceptions apply to Pena's case.

### III. *Pena's Waiver Was Made Knowingly and Voluntarily*

■ A court will enforce a waiver of the right to appeal only if the record "clearly demonstrates" that the waiver was both knowing and voluntary. *United States v. Ready*, 82 F.3d 551, 557 (2d Cir.1996); *see also United States v. Tang*, 214 F.3d 365, 368 (2d Cir.2000). "Before accepting a plea of guilty … the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, … the nature of the charge to which the plea is offered." Fed.R.Crim.P. 11(c). Furthermore, "[t]he district court should specifically flag the defendant's waiver of the right to appeal at the Rule 11 plea agreement hearing." *Ready*, 82 F.3d at 557.

Pena does not deny having waived his right to file the instant motion, and there is nothing in the record to indicate that Pena's waiver was not made knowingly and voluntarily. On February 27, 1997, when Pena changed his plea to guilty pursuant to the plea agreement, this Court specifically asked Pena about both his waiver of appellate rights and his § 2255 petition rights. *See* Transcript dated February 27, 1997 ("Tr."), at 11. When asked what this waiver meant to him, in each instance, Pena indicated that he could not go to another court to appeal the sentence if it fell within the guidelines range. *See* Tr. at 11–12 ("If it's between 78 or 97, I'm not going to challenge it."); ("Anything between 78 or 97 is fine with me. I am not going to appeal it. I am not going to put in the petition."). The record makes clear that the Court made every effort to ensure that his waiver was made knowingly and voluntarily. Thus, Pena secured the benefits of his plea agreement, and therefore should be held to the benefit of his bargain with the Government. He cannot "sidestep" his plea agreement with the Government because he explicitly agreed therein that no downward departure or adjustment of the stipulated Guidelines range was warranted. *See* Plea Agr. at 2.

■ Moreover, even if Pena's motion is procedurally sound, he fails to state any grounds for relief. As this Court has held, "[w]ithout alleging a constitutional or jurisdictional violation, it is an anathema to allow one who has voluntarily waived his right to appeal to attack the sentence collaterally." *Trujillo v. United States*, Nos. 92 Civ. 6791, 91 Cr. 575, 1993 WL 227701, at *3 (S.D.N.Y. June 21, 1993) (Leisure, J.) (permitting a petitioner to attack collaterally a sentencing agreement, where no constitutional or jurisdictional defect is alleged, would render the plea bargaining process and plea agreements meaningless.) Relief pursuant to § 2255 generally is

**2.** Title 28, United States Code, Section 2255 provides for a delay in the commencement of the limitations period when (1) the defendant was prevented from making a motion by governmental action; (2) if the defendant asserts a right that was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (3) facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255.

**236**

available only when there has been a "complete miscarriage of justice." *Werber v. United States,* 149 F.3d 172, 177 n. 4 (2d Cir.1998) (citation omitted). This rigid rule is implemented "in order to preserve the finality of criminal sentences and effect the efficient allocation of judicial resources." *United States v. Cox,* 245 F.3d 126, 131 (2d Cir.2001). Pena's present motion asks this Court to consider his academic achievements and good behavior, along with his desire to return to his family. *See* Pena's Mot. at 1–3. Clearly, these reasons are not among the grounds for relief provided for under § 2255. *See Abreu v. United States,* Nos. 90 Cr. 753, 93 Civ. 5854, 1996 WL 243295, at *3 (S.D.N.Y. May 10, 1996) (petitioner's good conduct during the period of incarceration does not provide grounds for relief pursuant to 28 U.S.C. § 2255); *Ortiz v. United States,* No. 93 Civ. 1184, 1993 WL 205032, at *1 (S.D.N.Y. June 11, 1993) (good behavior and rehabilitation do not provide grounds for relief pursuant to § 2255's provisions allowing collateral relief) (citing *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)).

## IV. *Relief Under Fed.Crim. R.P. 35 and Fed.Crim. R.P. 36*

Pena cannot be afforded any relief from his sentence pursuant to the Federal Rules of Criminal Procedure, Rules 35 or 36. Rule 35 permits the District Court to correct or reduce a defendant's sentence only (1) upon remand to the District Court by the Court of Appeals; (2) upon a motion from the Government to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person; or (3) within 7 days of the imposition of the sentence, to correct a sentence that was imposed as a result of arithmetical, technical, or other clear error. *See* Fed. R.Crim.P. 35. None of these circumstances apply to Pena. In addition, Pena cannot be afforded relief under Fed. R.Crim.P. 36. Rule 36 provides relief from judgment when there have been clerical mistakes in judgments, orders, or other parts of the record. *See* Fed.R.Crim.P. 36. In this case, Pena does not claim, nor does there appear to exist, any mistake in the judgment or the record.

## CONCLUSION

For the reason stated above, petitioner's motion for reduction of his sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED.

SO ORDERED.