UNITED STATES of America, Appellee,

v.

Julio SALCIDO–CONTRERAS,
Defendant–Appellant.

No. 935, Docket 92–1404.

United States Court of Appeals,
Second Circuit.

Argued Feb. 22, 1993.

Decided March 31, 1993.

B. Alan Seidler, Nyack, NY, for defendant-appellant.

* Judge Charles L. Brieant, of the United States
District Court for the Southern District of New

Susan E. Brune, Asst. U.S. Atty., S.D.N.Y., New York City (Otto G. Obermaier, U.S. Atty., Paul G. Gardephe, Asst. U.S. Atty., S.D.N.Y., on the brief), for appellee.

Before WALKER, McLAUGHLIN, Circuit Judges, BRIEANT, District Judge.*

PER CURIAM:

This appeal concerns the enforceability of an agreement not to appeal from a sentence which falls within an agreed range. On January 31, 1992, Julio Salcido–Contreras pled guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and § 841(b)(1)(B). In the plea agreement, Salcido explicitly waived his right to appeal a sentence falling within a stipulated range of 78 to 97 months. On June 19, 1992, the district court (Patterson, J.) sentenced Salcido to 96 months in prison, a four year supervised release term, and imposed a mandatory $50 special assessment.

Salcido challenges his sentence, arguing that the district court misapplied the Sentencing Guidelines by sentencing him on the high end of the applicable sentence range as a "message to the community" and wrongly considered him a minor participant rather than a minimal participant in the narcotics conspiracy. The government responds that the defendant is barred from appealing his sentence by the plea agreement. We agree.

We have held that knowing and voluntary waivers of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable. *United States v. Rivera*, 971 F.2d 876, 896 (2d Cir.1992). In this case, the plea agreement states in relevant part:

[I]t is specifically understood that no party will appeal a sentence by the Court that falls within the sentencing range calculated above, even should the Court reach that range by a Guidelines analysis different from that set forth above.

Salcido concedes that he knowingly and voluntarily waived his right to appeal if the

York, sitting by designation, was Chief Judge at the time of argument.

sentence fell within the agreed range. The district court adopted the calculations suggested by the plea agreement which resulted in a sentencing range of 78–97 months and sentenced Salcido to 96 months. Judge Patterson explained that he chose to sentence Salcido at the high end of the sentence range because "you are more of a minor participant than you are a minimal participant, and that ... might be a more appropriate category for you to be in, but I did not move beyond the range for minimal participant because you had reached an agreement with the government and your attorney had reached an agreement with the government on the sentence range."

Salcido argues that the government breached the plea agreement by failing to justify to the district court the conclusion found in the plea agreement that Salcido was a minimal participant in the narcotics conspiracy. While Salcido did not object to this alleged violation of the plea agreement at the time of sentencing, there is no requirement that he do so. *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir. 1982), *cert. denied*, 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983); *United States v. Corsentino*, 685 F.2d 48, 50 (2d Cir. 1982). As a remedy to the government's alleged breach, Salcido claims the right to appeal the merits of his sentence notwithstanding his waiver of that right in the plea agreement. We hold that this remedy is not available to him.

■ As Salcido asserts, we interpret plea agreements according to principles of contract law. *See Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971); *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir.), *cert. denied*, 498 U.S. 969, 111 S.Ct. 433, 112 L.Ed.2d 417 (1990). Contractual principles, however, do not support Salcido's attempt to have his cake and eat it, too. He contends, in essence, that a government breach, assuming it occurred, permits him to ignore his obligation under the plea agreement not to appeal while simultaneously allowing him to retain the considerable benefits secured by pleading guilty. *Brady v. United States*, 397 U.S. 742, 752,

90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 (1970) ("For a defendant who sees slight possibility of acquittal, the advantages of pleading guilty and limiting the probable penalty are obvious—his exposure is reduced, the correctional processes can begin immediately, and the practical burdens of a trial are eliminated.").

While the nature of the remedy for a breach by the government "varies with the nature of the broken promise and the facts of each particular case," *United States v. Brody*, 808 F.2d 944, 948 (2d Cir.1986), the remedies available to the defendant must be firmly rooted in the interests of justice and sound judicial administration. In certain circumstances, the government's failure to adhere to the terms of the plea agreement renders a defendant's plea involuntary and thereby undermines the constitutional validity of the conviction. *Brady*, 397 U.S. at 753–55, 90 S.Ct. at 1471–72; *Corsentino*, 685 F.2d at 51. The appropriate remedy in such a situation may be to permit the defendant to withdraw his guilty plea. *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499; *Palermo v. Warden, Green Haven State Prison*, 545 F.2d 286, 297 (2d Cir.1976), *cert. dismissed as moot*, 431 U.S. 911, 97 S.Ct. 2166, 53 L.Ed.2d 221 (1977). In other cases, courts have held that justice is better served by requiring resentencing, sometimes before a different judge, to ensure that the defendant receives the benefit of the specific terms bargained for in the plea agreement. *See Palermo*, 545 F.2d at 296–97 (upholding a defendant's right to have the promise of parole fulfilled rather than the opportunity to withdraw his guilty plea even though the promise was "unfulfillable" since the defendant had already served the entire promised sentence and parole term); *see also United States v. Carbone*, 739 F.2d 45, 47–48 (2d Cir.1984) (resentencing by a different judge required after prosecutor, who agreed to take no position at sentencing, argued against a split sentence); *Corsentino*, 685 F.2d at 52 (resentencing by a different judge necessary when prosecutor argued for a harsh sentence after agreeing to "take no position at sentencing").

In no circumstance, however, may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

We note parenthetically that, even absent Salcido's agreement, a remedy would not be warranted in this case because the government was not in breach. Looking to " 'what the parties to this plea agreement reasonably understood to be the terms of the agreement,' " *Carbone*, 739 F.2d at 46 (quoting *Paradiso*, 689 F.2d at 31), no provisions in the agreement remotely compel the government to justify to the court conclusions agreed to by the parties in the plea agreement or make any representations on Salcido's behalf at sentencing.

Salcido's appeal is dismissed.