101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Vincent J. CATALFO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2679.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT: Vincent J. Catalfo, Otisville, New York, pro se.
 APPEARING FOR APPELLEE: Evan T. Barr, Assistant United States Attorney for the Southern District of New York, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before VANGRAAFEILAND, MAHONEY and WALKER, Jr., Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Petitioner-appellant Vincent J. Catalfo appeals pro se from an order entered August 2, 1995 in the United States District Court for the Southern District of New York that denied his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In 1991, Catalfo, a former member of the New York bar, was charged in a sixteen-count superseding indictment with failure to file income tax returns from 1984 to 1989, use of the mails to defraud Mark Leyden, an individual with Downs' syndrome, of $45,000, and laundering money in connection with this fraudulent scheme. According to the latter charges, Catalfo was appointed Leyden's guardian ad litem to represent his interests in a New York Surrogate Court proceeding and purloined Leyden's $45,000 award for his own use.
 
 
 4
 2. By letter agreement dated August 12, 1991, Catalfo agreed to plead guilty to one count each of tax evasion, mail fraud, and money laundering. The government agreed to dismiss the remaining counts, and both sides stipulated to a joint recommendation as to the proper Guidelines calculations. The parties agreed, inter alia, that Catalfo should receive a two-level upward adjustment for targetting a vulnerable victim under USSG § 3A1.1(b), determined that Catalfo's crimes subjected him to a sentencing range of between fifty-seven and seventy-one months, and stipulated not to appeal any sentence that fell within this range.
 
 
 5
 3. On August 13, 1991, Catalfo entered a plea of guilty in accordance with this agreement and the district court subsequently imposed a sentence of seventy-one months incarceration, three years supervised release, and payments of $45,000 in restitution, $302,000 in back taxes, and $150 in special assessments. Catalfo appealed, and this Court summarily affirmed his sentence and conviction pursuant to Anders v. California, 386 U.S. 738 (1967). U.S. v. Catalfo, No. 92-1023 (2d Cir. June 11, 1992).
 
 
 6
 4. On this appeal, Catalfo argues that the sentencing court erred in granting a vulnerable victim adjustment, and that his trial counsel was ineffective in failing to raise this argument. Under USSG § 3A1.1(b), "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct," a two-level adjustment is warranted. Leyden clearly fits this definition. Catalfo contends that Leyden's father was Leyden's legal guardian, precluding "vulnerable" status for Leyden. Be that as it may, Catalfo represented Leyden in the Surrogate Court proceedings, and he was charged with safeguarding Leyden's interests in that forum.
 
 
 7
 5. In any event, in his plea agreement, Catalfo waived his right to appeal any sentence which fell within the stipulated Guidelines range. This clause prohibited a direct appeal from his sentence, United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.), cert. denied, 113 S.Ct. 3060 (1993), a bar that he cannot evade by collateral attack, see U.S. v. Broce, 488 U.S. 563, 569 (1989); United States v. Pipitone, 67 F.3d 34, 39 (2d Cir.1995).
 
 
 8
 6. Because there is no merit to Catalfo's argument against the vulnerable victim enhancement, his counsel's failure to raise that argument did not constitute ineffective assistance.