101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
United States of America, Appellee,
v.
Steven LONG, Steven Crea, Dominick Truscello, Defendants-Appellants.
 No. 95-1717.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 George L,. Santangelo, Santangelo, Santangelo & Cohen, NY, NY, for Appellants.
 Bridget M. Rohde, Assistant United States Attorney, Eastern District of New York, for Appellee.
 Before OAKES, ALTIMARI and WALKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Johnson, Judge ), and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is hereby DISMISSED.
 
 
 3
 Defendant-appellant Steven Long appeals from a judgment of the district court convicting him, on his guilty plea, of conspiring to defraud the United State in violation of 18 U.S.C. § 371. Long was sentenced to a term of eleven months in prison, which he is currently serving. Long argues on appeal that the district court erroneously increased the offense level by two levels under U.S.S.G. § 2T1.9(b)(2) (1991 version) for engaging in conduct intended to encourage persons other than co-conspirators to impede or impair the Internal Revenue Service in the assessment and collection of revenue.
 
 
 4
 Between September 1988 and December 1991, several persons connected to organized crime families victimized DeLuxe Homes of Pennsylvania, Inc. ("DeLuxe"), the developer for the construction of three low-income housing projects, by extorting money from job sites. DeLuxe was told that it would have to deal with persons connected with organized crime before starting work. DeLuxe was told that it would have no problems with the workers unions in exchange for a certain payment per unit of construction. DeLuxe agreed to pay.
 
 
 5
 Long pleaded guilty to one count of a superseding indictment alleging that Long allowed DeLuxe to pay persons connected to organized crime families unassociated with the construction project to conceal payments to them in checks. To this end, defendant Long's company, Long Industries, Inc., entered inflated contracts with DeLuxe and generated inflated invoices as a vehicle for obtaining the extortion proceeds. DeLuxe paid the invoices by issuing inflated checks to Long Industries, which laundered the checks and ultimately disturbed the cash proceeds among the members of the organized crime families involved,. Long's company did not reflect the payment of 1099 income from DeLuxe to the recipients of the cash in its federal income tax returns, and the crime family members did not reflect its receipt.
 
 
 6
 Long's contention that the sentencing court improperly enhanced his offense level pursuant to U.S.S.G. § 2T1.9(b)(2) is unavailing. In Paragraph 4 of his plea agreement, Long explicitly agreed to waive his right to appeal if the sentence he received was within or below the eight-to-fourteen-month guideline range set forth in the agreement. Because a knowing and voluntary waiver of the right to appeal a sentence within a agreed guideline range is enforceable, Long is precluded from making this argument, as the district court sentenced him to eleven months in prison. See United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.) (per curiam), cert. denied, 113 S.Ct. 3060 (1993).
 
 
 7
 For the reasons set forth above, the appeal is hereby DISMISSED.