104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
John Edison ALVAREZ-RAIGOZA, Defendant-Appellant.
 No. 96-1136.
 United States Court of Appeals, Second Circuit.
 Sept. 11, 1996.
 
 Perry S. Reich, Schapiro & Reich, Lindenhurst, NY.
 Susan Corkery, Asst. U.S. Atty., Brooklyn, NY.
 Present: NEWMAN, Chief Judge, CARDAMONE, CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby DISMISSED.
 
 
 3
 John Edison Alvarez-Raigoza appeals from the sentence imposed on February 21, 1996, following his guilty plea to conspiring to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. Edison contends that the District Court erred by failing to reduce the offense level by two levels pursuant to the "safety-valve" provision of U.S.S.G. § 2D1.1(b)(4).
 
 
 4
 In compliance with a written plea agreement, Alvarez-Raigoza pled guilty to Count One of the indictment. In exchange for the plea, the Government dismissed Count Two. Paragraph 2 of the agreement provided:
 
 
 5
 2.The defendant will be sentenced under the United States Sentencing Guidelines.... The [U.S. Attorney's] Office estimates the likely adjusted offense level under the Sentencing Guidelines to be level 23.... This level carries a range of imprisonment of 46-57 months, assuming the defendant has no prior convictions.
 
 
 6
 The agreement also provided that the defendant agrees not to appeal if the Court imposes a sentence within or below the range of imprisonment set forth in paragraph 2.
 
 
 7
 The District Court imposed a sentence of 37 months. Starting from a base offense level of 26, the Court reduced three levels for acceptance of responsibility and two levels for minor role, yielding, in criminal history category I, a sentencing range of 37-46 months.
 
 
 8
 Appellant contends that, though he received the benefit of U.S.S.G. § 5C1.2, authorizing defendants meeting specified criteria to be sentenced without regard to statutory minimums, he did not receive the benefit of U.S.S.G. § 2D1.1(b)(4), authorizing such defendants to receive, in addition, a two-level reduction in the offense level.
 
 
 9
 A knowing and voluntary waiver of a defendant's right to appeal a sentence within an agreed Guidelines range is enforceable. United States v. Salcido-Contreras, 990 F.2d 51 (2d Cir.1993); United States v. Rivera, 971 F.2d 876, 896 (2d Cir.1992). A defendant who has secured the benefits of a plea agreement that included a knowing and voluntary waiver of the right to appeal a sentence may not appeal the merits of a sentence conforming to the terms of the signed agreement. United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.1993). This rule applies even to bar an appeal when the court incorrectly applied the Guidelines, yet imposed a sentence falling within the range encompassed by the agreement. United States v. Yemitan, 70 F.3d 746, 748 (2d Cir.1995) ("If this waiver does not preclude a challenge to the sentence as unlawful, then the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants.").
 
 
 10
 Since the 37-month sentence was below the 46 to 57-month range specified in the plea agreement, the appeal waiver provision of the agreement bars this appeal. We need not consider the Government's further point that appellant waived entitlement to the two-level safety valve reduction by not specifically claiming it at the sentencing proceeding.
 
 
 11
 The appeal is dismissed.