**UNITED STATES of America,**
**Appellee,**

v.

**Nicholas DICONSTANZA, Rocco Papapietro, Kevin Van Name, Michael Bloome, Anthony Loffredo, Brendon Schlitz, Luigi Esposito, Defendants,**

**Frank DiPietro, a/k/a Frank Rosiello, Robert Bloome, Vincent Alexandrini, Defendants–Appellants.**

**Nos. 00–1453(L), 00–1511(CON), 00–1512(CON).**

United States Court of Appeals, Second Circuit.

Sept. 28, 2001.

Earle Giovanniello, Esq., New Haven, CT, for appellant DiPietro.

Norman Trabulus, Esq., Storch, Amini & Munves, New York, NY, for appellant Bloome.

Warren S. Landau, Esq., Cedarhurst, NY, for appellant Alexandrini.

William Gurin, Assistant United States Attorney; Loretta E. Lynch, United States Attorney, Eastern District of New York, Susan Corkery, Assistant United States Attorney, Brooklyn, NY, for appellee.

Present JOHN M. WALKER, JR., Chief J., PIERRE N. LEVAL, SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments of said district court be and they hereby are AFFIRMED.

Appellants Frank DiPietro ("DiPietro"), Robert Bloome ("Bloome"), and Vincent Alexandrini ("Alexandrini") appeal from the judgments of the United States District Court of the Eastern District of New York arising out of their guilty pleas to racketeering charges in violation of 18 U.S.C. § 1962(c). On appeal, all appellants argue that the district court erred at sentencing.

After pleading guilty on February 29, 2000 pursuant to a Rule 11(e)(1)(C) plea agreement, appellant DiPietro was sentenced on June 5, 2000 to 228 months' imprisonment, to be served concurrently with an undischarged portion of a state sentence, and five years' supervised release. On appeal, DiPietro argues that the

district court should have imposed his sentence to run concurrently with the entire term of imprisonment on his state sentence so as to achieve the objective of § 5G1.3(b) of the United States Sentencing Guidelines (the "Sentencing Guidelines").

We review the district court's interpretation and application of the Sentencing Guidelines *de novo. United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001). It is well established that the district court may accept or reject a plea agreement entered into pursuant to Rule 11(e)(1)(C), but that the court may not modify it. *United States v. Williams*, 260 F.3d 160, 165 (2d Cir.2001) (collecting cases); *United States v. Cunavelis*, 969 F.2d 1419, 1422 (2d Cir.1992); *see also* Fed.R.Crim.P. 11. However, the "district court is obligated to apply section 5G1.3(b) [of the Sentencing Guidelines] to Rule 11(e)(1)(C) plea bargains that are mute about how the sentence is to interact with an existing undischarged sentence." *Williams*, 260 F.3d at 165.

DiPietro's plea agreement states:

The sentence imposed by the Court may run consecutively to the New York State sentence the defendant is currently serving, but the [United States Attorney's Office for the Eastern District of New York] and the defendant agree that the sentence should be imposed to run concurrently (from the date the sentence is imposed) to the New York State sentence that the defendant is currently serving.

At sentencing, the district court imposed DiPietro's sentence to run concurrently with the undischarged portion of his state sentence from the date his federal sentence was imposed in accordance with the express terms of the plea agreement. Construing the plea agreement "according to principles of contract law," *United States v. Salcido–Contreras*, 990 F.2d 51, 52 (2d Cir.1993) (per curiam), we conclude that DiPietro received the sentence that he bargained for and affirm the judgment of the district court with respect to appellant DiPietro.

Appellant Bloome was sentenced on June 26, 2000 to 108 months' imprisonment, to be followed by three years' supervised release after pleading guilty on February 2, 2000 pursuant to a Rule 11(e)(1)(C) agreement. Bloome now challenges his sentence, arguing that (1) the district court had discretion pursuant to the terms of the plea agreement to depart downward; and (2) the district court erred in denying Bloome a one-level downward departure for timely acceptance of responsibility under § 3E1.1(b)(2) of the Sentencing Guidelines.

Bloome concedes that the district court must either accept or reject the terms of a plea agreement entered into pursuant to Rule 11(e)(1)(C); the court does not have the authority to modify it. Carefully interpreting the language of his plea agreement, however, Bloome argues that the terms of the agreement permitted the district court to impose a sentence of less than nine years (108 months). Bloome's plea agreement states, in relevant part, that

[p]ursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the [United States Attorney's] Office and the defendant agree that a specific sentence of 9 years is the appropriate disposition of the case.

We conclude that a sentence of 108 months' imprisonment was the sentence Bloome bargained for. In addition, having accepted the plea agreement between Bloome and the government, the district judge was bound by its terms. *Cunavelis*, 969 F.2d at 1423. Accordingly, the judg-

ment of the district court with respect to appellant Bloome is affirmed.

 Appellant Alexandrini entered a plea of guilty on March 12, 1999. On appeal, he argues that (1) he was denied effective assistance of counsel at sentencing when his trial counsel withdrew a potential challenge to a sentencing enhancement; (2) he was entitled to a reduction of his offense level under the Sentencing Guidelines for his role in the offense; and (3) that he is entitled to remand for the entry of a corrected judgment.

In his plea agreement, Alexandrini expressly agreed to "not file an appeal, seek a downward departure or otherwise challenge the conviction or sentence in the event that the Court imposes a sentence within or below the range of imprisonment [of 87–108 months]." During the guilty plea hearing before Magistrate Judge Levy, the following colloquy occurred:

> The Court: In paragraph 4 of the plea agreement, Mr. Alexandrini, you have agreed that you will not file an appeal or seek a downward departure or otherwise challenge your conviction, in the event that Judge Sifton gives you a sentence that is 108 months or less.
>
> The Defendant: Yes.

On July 12, 2000, the district court sentenced Alexandrini to 93 months' imprisonment to be served concurrently with an undischarged state sentence, followed by three years' supervised release. It is well established that knowing and voluntary waivers of a defendant's right to challenge an agreed-upon sentence are enforceable. *See United States v. Rosa,* 123 F.3d 94, 97 (2d Cir.1997); *Salcido–Contreras,* 990 F.2d at 51. As Alexandrini knowingly and voluntarily waived his right to appeal a sentence of less than 108 months, the judgment of the district court with respect to appellant Alexandrini is affirmed. We have carefully considered Alexandrini's re-

maining arguments and find them to be without merit.

For the foregoing reasons, the judgments of the district court with respect to the appellants are hereby AFFIRMED.