UNITED STATES of America,
Appellee,

v.

Tyran SCOTT, Katie Kirnan, Natlie Cubano, Defendants,

Jamie Cathcart, Defendant–Appellant.

Docket No. 01–1300.

United States Court of Appeals,
Second Circuit.

Jan. 4, 2002.

Lee D. Greenstein, Law Office of Lee D. Greenstein, New York, NY, for Appellant.

Carlos A. Moreno, U.S. Attorney's Office, Albany, NY, for Appellee.

Present OAKES, CARDAMONE, and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal of the sentence entered by said district court be and it hereby is DISMISSED.

Defendant–Appellant Jamie Cathcart ("Cathcart") appeals from the sentence en-

tered by the United States District Court for the Northern District of New York (Kahn, J.) following her guilty plea to the charge of conspiracy to possess and distribute cocaine base in violation of 21 U.S.C. § 846. Cathcart was sentenced to 30 months incarceration and 4 years supervised release. We decline to review the sentence.

This Court will generally enforce a knowing and voluntary waiver of appeal. *See, e.g., United States v. Rosa,* 123 F.3d 94, 97–98 (2d Cir.1997); *United States v. Ready,* 82 F.3d 551, 556 (2d Cir.1996); *United States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir.1993) (per curiam). Cathcart knowingly and voluntarily waived her right to appeal pursuant to her plea agreement, which states that:

> The Defendant acknowledges that she has been thoroughly advised of her right to appeal the sentence in this case and that she fully understands those rights. Additionally, the Defendant waives all rights, conferred by 18 U.S.C. § 3742, to appeal any sentence of imprisonment of 71 months or less, including any related issues with respect to the establishment of the Sentencing Guidelines range.

In addition, the sentencing judge specifically confirmed that the waiver had been explained to Cathcart, and that Cathcart understood it.

We are not presented by one of the unusual circumstances in which we might choose not to enforce a knowing and voluntary waiver. *See, e.g., United States v. Jacobson,* 15 F.3d 19, 22–23 (2d Cir.1994) (indicating waivers will not be enforced if defendant's naturalized status is unconstitutionally used as the basis for the sentence); *United States v. Gonzalez,* 16 F.3d 985, 989–90 (9th Cir.1993) (finding waiver unenforceable because government breached the plea agreement). Thus, in light of Cathcart's knowing and voluntary waiver

of appeal, we will not review Cathcart's sentence.

For the reasons set forth above, the appeal of the sentence entered by the district court is DISMISSED.