**UNITED STATES of America,**
Appellee,

v.

Juan RAMIREZ, aka "Tony TKO", aka "Scarface"; Luis Ramirez; Ernesto Martinez, aka "Ene"; Justin Perez, aka Gem; Haydee Huertas; LNU1–

98CR0438–006, aka Rafaelito; Albert Colon; Shirley Calcano; Freddy Santiago; Jose Colon, aka Mike; Odiot Demetrius, aka Boogie; Julio Castillo, Defendants,

**Manuel Gonzalez, aka Manny,**
**Defendant–Appellant.**

No. 00–1564.

United States Court of Appeals, Second Circuit.

July 30, 2002.

David W. Windley, Brooklyn, NY, for Appellant.

Joshua G. Berman, Assistant United States Attorney, (Mary Jo White, United States Attorney for the Southern District of New York; Meir Feder, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present WALKER, Chief Judge, OAKES and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant-appellant Manuel Gonzalez appeals from the judgment of conviction and sentence entered against him on August 8, 2000, following his plea of guilty, by the United States District Court for the Southern District of New York (Carter, *D.J.*). Gonzalez was charged under the Juvenile Delinquency Act ("JDA"), 18 U.S.C. § 5031 *et seq.*, for juvenile delinquency allegedly arising out of his involvement in the 165th Street Organization, a criminal enterprise whose members are reputed to have engaged in interstate narcotics trafficking and various violent crimes in several states. After the district court's grant of the government's motion to transfer Gonzalez to adult status, he pled guilty on November 23, 1999 to one count of racketeering in violation of 18 U.S.C. §§ 1961 and 1962; one count of committing violent crimes in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5); and one count of using and carrying a firearm during a crime in violation of 18 U.S.C. § 924(c). Thereafter, the district court sentenced him to thirty-five years of imprisonment, three years of supervised release, and a mandatory special assessment of $150.

On appeal, Gonzalez argues that (1) the district court abused its discretion in transferring him from juvenile to adult status; (2) his sentence of thirty-five years' imprisonment constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution; and (3) his counsel provided ineffective assistance because she did not adequately advise him to cooperate with the government. Appellant's argument that the district court abused its discretion in transferring him from juvenile to adult status is without merit for the reasons set forth in a published opinion issued simultaneously with this order.

We reject appellant's Eighth Amendment argument. It is Gonzalez's position that since 18 U.S.C. § 5037 provides that the maximum term of imprisonment for juvenile delinquency is five years, the thirty-five year sentence he received as an adult, after the district court granted the government's motion to transfer him to adult status, is grossly disproportionate to his crime and thus in violation of the Eighth Amendment proscription on cruel and unusual punishment.

■ Defendant waived his right to appeal a sentence of up to thirty-five years' imprisonment pursuant to the terms of his plea agreement. The following exchange at Gonzalez's March 20, 2000 plea colloquy demonstrates that his waiver of the right to appeal his sentence was knowing and voluntary:

> THE COURT: You understand that under this agreement, if you are sentenced either at or below the guidelines, that you waive your right to appeal; do you understand this?
>
> THE DEFENDANT: Yes, I do.

THE COURT: And that you, indeed, give up your right to appeal, except for a sentence that's inconsistent with the guideline; do you understand that?

THE DEFENDANT: Yes, I understand that.

It is well established that a knowing and voluntary waiver of a defendant's right to challenge an agreed-upon sentence is enforceable. *See United States v. Rosa*, 123 F.3d 94, 97 (2d Cir.1997); *United States v. Salcido–Contreras*, 990 F.2d 51, 51 (2d Cir. 1993) (per curiam). As Gonzalez knowingly and voluntarily waived his right to appeal a sentence of up to thirty-five years, the judgment of the district court is affirmed.

■ With respect to appellant's claim of ineffective assistance, we note that when faced with an ineffective assistance claim on direct appeal, we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent § 2255 petition; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Leone*, 215 F.3d 253, 256 (2d Cir.2000). Because the allegations of ineffective assistance of counsel in this case are fact specific, we decline to reach Gonzalez's ineffective assistance claim on direct appeal. In declining to reach it, we do not express any view on the merits of the claim.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**