**UNITED STATES of America,**
**Appellee,**

v.

**Russell AMSDEN, Gregory**
**D. Hatch, Defendants,**

Jonathan G. Music, Defendant–
Appellant.

Docket Nos. 01–1016, 00–1819.

United States Court of Appeals,
Second Circuit.

Oct. 29, 2002.

Marybeth Covert (Joseph B. Mistrett, on the brief), Federal Public Defender's Office for the Western District of New York, Buffalo, NY, for Defendant–Appellant.

Anthony M. Bruce, Assistant United States Attorney, for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

Present LEVAL, CALABRESI, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is hereby **DISMISSED.**

Defendant Jonathan Music was indicted on two federal drug charges, and subsequently charged in a one-count information with theft and conversion of government property. Music entered into an agreement with the government, in which he pleaded guilty to one count of the drug indictment and to the theft and conversion charge, admitted that he had conspired to distribute in excess of 1,500 grams of cocaine, and acknowledged that he fell within the sentencing guideline's definition of a "career offender." The district court accepted the plea and subsequently, after the guideline range was calculated as 188 to 235 months, sentenced the defendant to 188 months' imprisonment.

Defendant now appeals that sentence, arguing that the district court erred in its calculation. Specifically, Defendant asserts that the district court violated the principle articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when, using the Career Offender table in U.S.S.G. § 4B1.1 to determine Defendant's base offense level, it chose the level corresponding to an "offense statutory maximum" of 40 years. Because the indictment did not specify a drug quantity, Defendant argues, his "offense statutory maximum" was 20 years and, as a result, the correct sentencing range is 151 to 188 months. (He points out that the district court expressly declined to state that the sentence would

have been 188 months regardless of which range was correct.) We need not consider this argument, however,[1] because the defendant, in his plea agreement with the government, waived his right to appeal this sentence.[2]

Knowing and voluntary waivers of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable. *United States v. Salcido–Contreras,* 990 F.2d 51, 51 (2d Cir.1993) (per curiam); *see also United States v. Fisher,* 232 F.3d 301, 303 (2d Cir.2000). Like the agreements in *Salcido–Contreras* and *Fisher,* the plea agreement in the instant case stipulated an anticipated sentencing range, and explicitly waived any right the defendant might otherwise have had to appeal his sentence so long as that sentence fell within, or below, the stipulated range, and did so regardless of the method by which the district court reached that sentence.

Because "[p]lea agreements are construed according to contract law principles," *United States v. Yemitan,* 70 F.3d 746, 747 (2d Cir.1995), a breach by the government may justify allowing the defendant to withdraw the plea or may render the plea void. *See Salcido–Contreras,* 990 F.2d at 52. But ordinarily a defendant may not at once reap the benefits of a plea agreement while disavowing the provisions he finds inconvenient. *See id.* at 53.

The district court ascertained at the plea allocution that the appellate waiver was knowing and voluntary, and reconfirmed at sentencing that Defendant understood the waiver. Under these circumstances, the waiver is valid and enforceable.

For the reasons set forth above, the appeal is hereby DISMISSED.

---

1. Although we have not had occasion to address this issue, several circuits have concluded that, because the Career Offender Guideline treats the "offense statutory maximum" as the determinative factor in calculating a sentence, U.S.S.G. § 4B1.1 presents a rare instance in which "*Apprendi* is applicable to a determination made in accordance with the Sentencing Guidelines." *United States v. Gilliam,* 255 F.3d 428, 436 (7th Cir.2001); *see also United States v. McCulligan,* 256 F.3d 97, 106 (3d Cir.2001); *United States v. Saya,* 247 F.3d 929, 942 (9th Cir.2001); *United States v. Webb,* 255 F.3d 890, 900 (D.C.Cir.2001).

2. We note that the defendant has not sought to withdraw that plea or to challenge the agreement itself. He fashions this appeal as an *Apprendi* claim and challenges only the provision waiving Defendant's right to appeal the sentence, rather than attacking the entire plea agreement as void under Fed.R.Crim.P. 11(d) based on his lack of understanding of the law pertinent to the charges against him. Of course, any attack on the court's acceptance of the plea agreement would be evaluated under the deferential plain-error standard. *See, e.g., United States v. Gutierrez Rodriguez,* 288 F.3d 472, 477 (2d Cir.2002) (mistaken understanding of government's burden of proof regarding drug quantity did not affect the fairness or integrity of the proceedings where the defendant "formally and voluntarily avowed a fact as true in proceedings that assure the accuracy of the admission," drug quantity was "essentially uncontroverted," and the defendant did not "give any indication that he believed the stated drug quantity to be incorrect or that he wished to contest the amount").