UNITED STATES of America,
Appellee,

v.

Calvin BELIN, Mohammed Syed Abbas, Pedro Rodriguez, Adolfo Almonte, Lewellyn Dillard, Euclides LNU1–99CR0214–006, Guillermo Galendez, aka "Junior LNU2–99cr0214–007," Marcello Lopez, Carlos Aviles, Pam Owens, Defendants,

Mario Reytan, Defendant–Appellant.

No. 02–1165.

United States Court of Appeals,
Second Circuit.

May 2, 2003.

B. Alan Seidler, Nyack, NY, for Defendant–Appellant.

Roberto Finzi, James C. Cavoli, Assistant United States Attorneys, for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: CALABRESI, PARKER, and SACK, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 2nd day of May, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this appeal be and it hereby is DISMISSED.

Defendant Mario Reytan was charged in a one-count information with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and 841(b)(1)(C). Reytan entered into an agreement with the government, in which he pleaded guilty to the sole count of the information, and stipulated to a sentencing range of 151–188 months' incarceration. The district court accepted the plea and, after re-calculating the guideline range at 130–162 months, in February 2002 sentenced the defendant principally to 130 months' imprisonment.

Defendant now appeals, arguing that he should be re-sentenced to benefit from an amendment to U.S.S.G. § 2D1.1(a), which took effect November 1, 2002. Defendant acknowledges that, under our cases, an amendment cannot be applied retroactively to a defendant unless it is listed in U.S.S.G. § 1B1.10(c), which governs the retroactivity of Guideline amendments. *See United States v. Perez,* 129 F.3d 255, 258–59 (2d Cir.1997). He acknowledges further that the amendment from which he seeks to benefit is not so listed. Nevertheless, Defendant argues that "fundamental fairness" requires that he receive the benefit of the amendment.

We need not consider Defendant's argument or the government's responses to it,

however, because the defendant, in his plea agreement with the government, waived his right to appeal this sentence.[1]

Knowing and voluntary waivers of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable. *United States v. Salcido–Contreras,* 990 F.2d 51, 51 (2d Cir.1993) (per curiam); *see also United States v. Fisher,* 232 F.3d 301, 303 (2d Cir.2000). Like the agreements in *Salcido–Contreras* and *Fisher,* the plea agreement in the instant case stipulated an anticipated sentencing range, and explicitly waived any right the defendant might otherwise have had to appeal his sentence so long as that sentence fell within, or below, the stipulated range, regardless of the method by which the district court reached that sentence.

Because "[p]lea agreements are construed according to contract law principles," *United States v. Yemitan,* 70 F.3d 746, 747 (2d Cir.1995), a breach by the government may justify allowing the defendant to withdraw the plea or may render the plea void. *See Salcido–Contreras,* 990 F.2d at 52. But ordinarily a defendant may not at once reap the benefits of a plea agreement while disavowing the provisions he finds inconvenient. *See id.* at 53.

The district court ascertained at the plea allocution that the appellate waiver was knowing and voluntary. Under these circumstances, the waiver is valid and enforceable.

For the reasons set forth above, the appeal is hereby DISMISSED.

---

1. We note that the defendant has not sought to withdraw that plea or to challenge the agreement itself.

