Carlos RAMIREZ, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 02 CIV. 9748(VM).

United States District Court, S.D. New York.

Sept. 24, 2003.

Order Denying Petition to Vacate Oct. 22, 2003.

Carlos Ramirez, FCI Otisville, Otisville, NY, Pro se.

### DECISION AND ORDER

MARRERO, District Judge.

Carlos Ramirez ("Ramirez") plead guilty to kidnapping, in violation of 18 U.S.C. § 1201, and this Court sentenced him to 151 months' imprisonment and three years' supervised release. Ramirez petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2255. He argues that his trial counsel was ineffective for having negotiated a plea agreement which included a particular sentencing enhancement—that the kidnapping involved the distribution and sale of cocaine—which was not provable. He also argues that the kidnapping offense did not have a sufficient nexus with interstate commerce, thus depriving the Court of federal subject matter jurisdiction. For the reasons set forth below, the petition is DENIED.

## I. BACKGROUND

Ramirez, along with others, kidnapped and abducted a woman against her will for five days in August 2000, to secure payment for approximately seven (7) kilograms of cocaine. A grand jury indicted him and five others for: (1) conspiracy to violate federal narcotics laws, 12 U.S.C. § 846; (2) distribution and possession with intent to distribute cocaine, 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(a); and (3) and kidnapping, 18 U.S.C. § 1201. The Court dismissed the first two counts on the government's motion, and Ramirez plead guilty to Count Three.

## II. DISCUSSION

### A. SENTENCING ENHANCEMENT

■ As a threshold matter, Ramirez has waived his right to challenge the sentence. In his plea agreement, Ramirez agreed to "neither appeal, not otherwise litigate under Title 28 United States Code, Section 2255, any sentence within or below the Stipulated Sentencing Guidelines Range set forth above (151 to 188 months)." *See* Plea Agmt. at 4 (July 16, 2001). As stated above, he was sentenced to the minimum of that range, 151 months.

■ The Court interprets plea agreements under principles of contract law. *See Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Applying those principles, the Second Circuit has held that "[i]n no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *United States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir.1993).

The plea agreement explains the sentencing calculations in detail, and explains the possible sentencing range (again, in which Ramirez was sentenced to the minimum). Ramirez also asserted repeatedly at his plea allocution that he had read and that he understood the terms, and consequences, of the plea agreement. Ramirez puts forth no reason why the Court should disregard the plea agreement.

In any event, the Court notes that his argument regarding the drug enhancement is without merit. Ramirez stated at the plea allocution, "I assisted others in detaining a woman and a man against their will *to receive a payment for a drug transaction." See United States v. Ramirez,* No. 00 Cr. 1145, Plea Allocution Tr., Docket # 72, at 16 (July 17, 2001). Therefore, the sentencing enhancement was plainly appropriate, *see* U.S. Sentencing Guidelines Manual § 2A3.4.1(b)(7) (2001), and Ramirez's counsel was not deficient for failing to negotiate the agreement otherwise.

### B. JURISDICTION

■ Ramirez's claim that the Court lacked subject matter jurisdiction is not waived by his plea agreement, *see United States v. Doyle,* 348 F.2d 715, 718–19 (2d Cir.1965), but it is nevertheless meritless. Ramirez claims that the victim was "transported interstate by *private means,* not in interstate *commerce."* Petition, at 4 (emphasis added), and that therefore the crime was beyond the federal commerce power. The Supreme Court has long since rejected this distinction:

'The transportation of passengers in interstate commerce, it has long been settled, is within the regulatory power of Congress, under the commerce clause of the Constitution, and the authority of Congress to keep the channels of interstate commerce free from immoral and

injurious uses has been frequently sustained, and is no longer open to question.' [*Caminetti v. United States*, 242 U.S. 470, 491, 37 S.Ct. 192, 61 L.Ed. 442 (1917).]

*Nor does it make any difference whether the transportation is commercial in character.*

*Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 256, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964) (citations omitted) (emphasis added).

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that Carlos Ramirez's petition for a writ of habeas corpus is DENIED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

As Ramirez has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

## *DECISION AND ORDER*

■ By Decision and Order dated September 24, 2003 (the "Decision"),[1] this Court denied petitioner Carlos Ramirez's ("Ramirez") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. At the time of its ruling, the Court had not received a reply from Ramirez to the Government's opposition to his petition, although the Court on July 29, 2003 granted Ramirez's request to extend until September 12, 2003 his time to file such a reply. By letter to the Court dated September 29, 2003 Ramirez, who by then had re-

ceived a copy of the Court's Decision, requested that the Decision be vacated and that he be granted a further extension until October 10, 2003 to submit a reply.

The Court has now received Ramirez's reply dated October 9, 2003 requesting that his petition be granted or alternatively that the Court issue a certificate of appealability in connection with the Court's ruling. Upon review of Ramirez's reply, the Court finds that it demonstrates no controlling law or factual matters before the Court on the underlying petition that were overlooked or that might reasonably alter the Court's decision. *See* Local Civil Rule 6.3; *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992). Ramirez's reply rests entirely on his claim of ineffective of counsel that the Court fully considered in the Decision and found unmeritorious.

The Court finds no valid ground exists to justify reopening the Decision at this time.

## *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that petitioner Carlos Ramirez's requests for an order vacating the Court's Decision and Order dated September 24, 2003, or for a Certificate of Appealability, is DENIED.

**SO ORDERED.**

1. The Decision reported as *Ramirez v. United States*, No. 02 Civ. 9748, 2003 WL 22227561

(S.D.N.Y. Sept.24, 2003).