**UNITED STATES of America,**
**Appellee,**

v.

**Javier Gonzales PLATA, also known as Javier Gonzales, also known as Javier Plata; Dario Helio Trejo Gerardo, also known as Tia, also known as Neca, also known as Dario Gerardo, also known as Contador; Floreida Quintero Colon, also known as Contador, also known as Floreida Quintero, also known as Tia, also known as Neca; Jorge Canela, also known as Jorgito, also known as Gordo; Juan Manuel Lopez, also known as Juan Manuel Lopez–Garcia; Justo Vargas Reyes, also known as Justo Vargas–Reyes; Pablo Mendez Lumbreras, also known as Pablo Mendez–Lumbreras, Defendants,**

**Luis Jimenez Jose Soto, also known as Jose Soto, also known as El Ingeniero, Defendant–Appellant.**

**Docket No. 03–1424.**

United States Court of Appeals, Second Circuit.

Nov. 15, 2004.

Joel K. Dranove, New York, NY, for Appellant.

Christopher J. Clark, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Lawrence Gerschwer, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, FEINBERG, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Luis Jimenez Jose Soto appeals from the June 30, 2003 judgment of the United States District Court for the Southern District of New York (Gerard E. Lynch, *Judge* ) convicting him of conspiracy to distribute and possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. The district court entered judgment following Soto's entry of a guilty plea, and sentenced him to 151 months' imprisonment. Familiarity with the facts and procedural background is assumed.

Soto's arguments on appeal are (1) that the district court mistakenly believed that it lacked authority to grant a downward departure, and (2) that the district court erred when sentencing Soto in not granting a downward departure based upon Soto's allegations of prison authorities' failure to treat a back injury during his pre-conviction confinement. The government argues that the appeal should be dismissed both because Soto waived his right to appeal and because the district court fully appreciated its authority to grant a downward departure, and thus its decision not to do so is unreviewable. Because we

agree with the government as to its first argument, we need not address the second.

There is no dispute that in his plea agreement, Soto expressly waived his right to appeal any sentence within or below the range of 151 to 188 months. Knowing and voluntary waivers of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable. *United States v. Salcido-Contreras*, 990 F.2d 51, 51 (2d Cir.1993) (per curiam). They are enforceable only "if the record 'clearly demonstrates' that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." *United States v. Ready*, 82 F.3d 551, 557 (2d Cir.1996) (internal citation omitted). Here, the record shows that Soto was asked during his plea allocution whether he understood that he was waiving any right to challenge his sentence, and that he answered in the affirmative. His waiver was thus knowing and voluntary, and is therefore enforceable.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan*, — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of this order that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.

For the foregoing reason, the appeal is hereby **DISMISSED**.