11-468-cr
United States v. Karimu

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of May, two thousand twelve.

PRESENT: JON O. NEWMAN,
   CHESTER J. STRAUB,
   GERARD E. LYNCH,
      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
      *Appellee*,

   v.                                                          No. 11-468-cr

FARUK KARIMU,
      *Defendant-Appellant.*

_____

FOR APPELLANT:       Daniel M. Perez, Newton, NJ.[1]

FOR APPELLEE:        Daniel P. Chung, Assistant United States Attorney (Iris Lan, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

---

[1] The defendant has also filed a pro se "supplemental brief" and "supplemental reply brief."

Appeal from the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED in part, the district court's judgment is VACATED in part, and the case is REMANDED for further proceedings consistent with this order.

Defendant-appellant Faruk Karimu appeals from a judgment of conviction entered in the Southern District of New York following his plea of guilty for conspiring to distribute and to possess with the intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. § 846. The district court sentenced Karimu principally to 70 months in prison, to be followed by five years' supervised release, and imposed a $100 special assessment and a $2,000 order of forfeiture. On appeal, Karimu argues that the order of forfeiture should be vacated because the government waived its forfeiture allegation during Karimu's plea hearing, and because the district court failed to take certain steps required by Federal Rules of Criminal Procedure 11 and 32.2. In addition, in supplemental briefing filed pro se, Karimu challenges his sentence and seeks a "limited remand for the express purpose [of] allowing the district court to determine if it would have wanted to apply an additional offense level decrease in his sentencing for 'Minor Role,' in the offense."

Citing the representations that it made to the district court during Karimu's guilty plea, the government concedes that it waived its forfeiture allegation, and consents to a limited remand to the district court for the purpose of vacating the order of forfeiture. Accordingly,

we remand this case to the district court to vacate the imposition of forfeiture.[2]

Karimu's pro se appeal of his sentence, however, is meritless. In his plea agreement, Karimu waived his right to appeal or otherwise challenge a sentence within the stipulated guidelines range of 70 to 87 months' imprisonment. During his plea allocution, he confirmed that he understood this waiver. The district court sentenced Karimu to 70 months' imprisonment, and thus Karimu is barred from pursuing this appeal. We have long recognized that under no circumstances "may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). This longstanding precedent forecloses Karimu's argument that "on its face, the particular appellate waiver provision of this plea agreement which effectively prevents judicial review of the claims is against public policy."

In his pro se supplemental reply brief, Karimu contends, for the first time, that his waiver was not knowing and voluntary because the district court "failed to address the appellate waiver to make sure the defendant understood during the plea colloquy in violation of Rule 11(c)." By failing to raise the argument until his reply brief, Karimu has waived the issue. See Connecticut Bar Ass'n v. United States, 620 F.3d 81, 91 n.13 (2d Cir. 2010) ("Issues raised for the first time in a reply brief are generally deemed waived."); Graham v.

---

[2] Because we vacate the order of forfeiture based on the government's waiver, we need not reach Karimu's claims that the district court violated Federal Rules of Criminal Procedure 11 and 32.2 in imposing the order of forfeiture.

<u>Henderson</u>, 89 F.3d 75, 82 (2d Cir. 1996) (declining to consider an argument raised for the first time in a pro se litigant's reply brief). In any event, the facts belie Karimu's claim. The plea colloquy transcript makes clear that the district court carefully confirmed with Karimu that he understood the consequences of the plea agreement and that his waiver was knowing and voluntary.

## CONCLUSION

We have considered Karimu's remaining arguments and find them to be without merit. For the foregoing reasons, the appeal is DISMISSED in part, the judgment of the district court is VACATED in part, and the case is REMANDED to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court