22-3184-cr (L)
*United States v. Strong*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-four.

Present:
DEBRA ANN LIVINGSTON,
*Chief Judge*,
RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                     22-3184-cr, 22-3199-cr

CALVIN STRONG,

        *Defendant-Appellant*.

_____

For Appellee:                   PAUL D. SILVER, Assistant United States Attorney (Richard D. Belliss, Assistant United States Attorney *on the brief*), *on behalf of* Carla B. Freedman, United States Attorney for the Northern District of New York.

For Defendant-Appellee:       ELIZABETH A. FRANKLIN-BEST, Elizabeth Franklin-Best, P.C., Columbia, South Carolina.

Appeal from judgments of the United States District Court for the Northern District of New

York (Scullin, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal from the judgment of the district court, entered on December 14, 2022, convicting Defendant-Appellant of possession of a firearm after having previously been convicted of a felony is **DISMISSED**, while the December 14, 2022 judgment convicting him for violations of supervised release is **AFFIRMED**.

Defendant-Appellant Calvin Strong appeals from two judgments entered in the United States District Court for the Northern District of New York (Scullin, *J*.) on December 14, 2022: one judgment convicting him, upon his guilty plea pursuant to a plea agreement, of one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and sentencing him, in relevant part, to 85 months in prison; and the other judgment sentencing him to 12 months' imprisonment, to run consecutively to the 85-month term, for his admitted violations of supervised release. On appeal, Strong argues that the district court erred with respect to both judgments. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we recount here only as necessary to explain our decision to **DISMISS** as to the first judgment sentencing Strong to an 85-month term and to **AFFIRM** as to the second judgment imposing a consecutive 12-month term for violation of supervised release.

\* \* \*

As to the first judgment, Strong's plea agreement included a waiver of his right to appeal or otherwise challenge "[a]ny sentence to a term of imprisonment of 100 months or less." Joint App'x 64. The district court sentenced Strong to 85 months' imprisonment. Strong now contends that the evidence did not support the court's application of a four-level enhancement to

his base offense level for possessing a firearm "in connection with another felony offense" pursuant to United States Sentencing Guideline § 2K2.1(b)(6)(B). We conclude, however, that we need not reach this question because Strong's appellate waiver is enforceable.

Strong signed a written plea agreement providing that he "waive[d] . . . any and all rights . . . to appeal and/or collaterally attack . . . [a]ny sentence to a term of imprisonment of 100 months or less." Joint App'x 63–64. During his plea hearing, Strong twice confirmed that he carefully reviewed the plea agreement and was aware of and consented to the terms of the waiver provision. *See* Joint App'x 50 (confirming his careful review and awareness of the waiver provision); *id.* at 53 (responding "Yes, Your Honor" when asked if he "fully underst[ood]" the waiver terms). While we apply plea waivers narrowly and construe them strictly against the government, *see United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (per curiam), "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement," *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010).

Strong posits in his reply brief that the waiver provision is "ambiguous" because the plea agreement notes the government's intention to argue for the four-level enhancement at sentencing and also Strong's intent to challenge its application. Grey Br. 2. Strong contends that the statement "memorializ[ed]" his objection to the enhancement. *Id.* at 2. But the parties' clear intention to dispute the enhancement's application before the district court in no way undercuts the clarity of the appellate waiver. There is no evidence in the record that suggests the government intended to release Strong from the plain terms of the waiver provision, nor that he

3

misunderstood those terms. Nor does Strong argue that the district judge was biased or "reached [Strong's sentence] in a manner that the plea agreement did not anticipate." *United States v. Riggi*, 649 F.3d 143, 148 (2d Cir. 2011) (internal quotation marks and citation omitted). We conclude that Strong's argument does not warrant voiding his appeal waiver and thus that his appeal as to the first judgment should be dismissed.

Strong's argument as to the second judgment on appeal is that the district court procedurally erred by failing to explain the reasons for imposing a 12-month consecutive sentence for his admitted violations of supervised release. Strong did not raise this issue before the district court, and so our review is for plain error. *United States v. Keppler*, 2 F.3d 21, 23–24 (2d Cir. 1993). "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013) (citation omitted).

There is no plain error here. A district court commits procedural error where it "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). But this Circuit "require[s] less rigorous specificity where . . . a court sentences a defendant for violation of supervised release." *United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015), *superseded by statute on other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020). Here, the district court explained that "the most serious violation [in Strong's case] had to do with [a] gun," and, in an earlier colloquy, noted that it "[was] not the first time [Strong had] been in possession of a weapon." Joint App'x 135. The court explained that Strong had "been given many opportunities by th[e] Court to move forward with [his] life" but "turned them down." Joint App'x 135. Moreover, the district court had considered the

4

sentencing factors in the earlier sentencing colloquy on Strong's firearm conviction, which took place immediately before the colloquy on Strong's violation of supervised release. The district court suggested as much when it asked the parties whether they "wish[ed] to be heard further" on the violation after a "short break." Joint App'x 136. The court's subsequent imposition of a within-Guidelines sentence for violating the terms of supervised release by unlawfully possessing a firearm yet another time, was thus supported by the court's earlier consideration and explanation of the sentencing factors. Accordingly, we cannot conclude that the district court committed any error, let alone plain error.

* * *

We have considered Strong's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal as to the first judgment sentencing Strong to an 85-month term and **AFFIRM** as to the second judgment imposing a consecutive 12-month term for violation of supervised release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5